1  William L. Schmidt, SBN 206870
   Email: legal.schmidt@gmail.com
2  Jeffrey W. Eisinger, SBN 109299
   Email: legal.schmidt.jeff@gmail.com
3  **WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**
4  Post Office. Box 25001
   Fresno, CA 93729
5  Tel: 559.261.2222
   Facsimile: 559.436.8163
6

7  Attorneys for Plaintiffs

                    UNITED STATES DISTRICT COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9
                         WESTERN DIVISION
10

11 A.C., a Minor, by her Guardian Ad Litem        No. 2:18-cv-3694-SK
   ASHLEY MEZA, individually and as
12 successor-in-interest to  Decedent BRYAN       **SECOND AMENDED COMPLAINT FOR**
   CARRENO, NICHOLAS CARRENO, and                 **DAMAGES**
13 STELLA CARRENO,
                                                   **1. UNLAWFUL SEIZURE & EXCESSIVE**
14              Plaintiffs,                        **FORCE (42 U.S.C.§1983); AMENDMENTS**
                                                   **IV AND XIV TO U.S. CONSTITUTION**
15              v.                                 **2. BATTERY**
                                                   **3. NEGLIGENCE – WRONGFUL DEATH**
16 The COUNTY OF SANTA BARBARA,                    **4. VIOLATION OF BANE ACT (CAL. CIV.**
   The SANTA BARBARA COUNTY                        **CODE §52.1)**
17 SHERIFF'S OFFICE, Senior Deputy
   JOSHUA COCKRELL, individually,                  **DEMAND FOR JURY TRIAL**
18 Deputy ROBERT DeBARGE, individually,
   Deputy SHANE MOORE, individually,               Honorable Steve Kim
19 Deputy KENNETH RUSHING,
   individually, Deputy DUSTIN
20 WINEBRENNER, individually, and DOES
   1-10, inclusive,
21
22              Defendants.

23

24                         **INTRODUCTION**

25

26     This action, which was removed from state court by defendants on May 2, 2018 (**ECF#1**),

27 seeks to recover damages arising from violations of the Fourth and Fourteenth Amendments to

28 the U.S. Constitution, and the laws of the State of California, for the February 12, 2017 shooting

1    death of BRYAN CARRENO by five sworn peace officers employed by the Santa Barbara

2    County Sheriff's Office. The unreasonable and excessive force used to take the life of BRYAN

3    CARRENO likewise supports the Plaintiffs' claims for battery, negligence, and violations of the

4    Bane Act.

5

6                          **JURISDICTION & VENUE**

7         1.      This action, filed to redress the violation of BRYAN CARRENO'S rights under

8    the Fourth Amendment and Fourteenth Amendment to the United States Constitution, arises

9    under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

10        2.      This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and

11   1367.

12        3.      Venue is proper in this district under 28 U.S.C. § 1331(b) because the defendants

13   reside in this district, and because a substantial part of the events or omissions giving rise to the

14   claim occurred in this district.

15

16                              **THE PARTIES**

17        4.      Plaintiff A.C. is the minor daughter of decedent BRYAN CARRENO.  She brings

18   this action in both her individual capacity and in a representative capacity as successor-in-interest

19   to decedent BRYAN CARRENO through her mother and Guardian *ad Litem*, ASHLEY MEZA.

20   As the sole child of BRYAN CARRENO, no other person has a superior right to that of A.C. to

21   commence any action or proceeding or be substituted for the decedent BRYAN CARRENO, and

22   her standing to sue is codified under California Code of Civil Procedure section 377.30, *et seq*.

23   No proceeding is now pending in the State of California for the administration of the Estate of

24   BRYAN CARRENO.  Plaintiffs NICHOLAS CARRENO and STELLA CARRENO are the

25   parents of the decedent.

26        5.      Defendant COUNTY OF SANTA BARBARA ("SANTA BARBARA") is an

27   incorporated municipality created under the constitution, laws and statutes of the State of

28   California.  Defendant SANTA BARBARA SHERIFF'S OFFICE ("SBSO") is an agency within

1   Defendant SANTA BARBARA and subject to its control.   Defendant JOSHUA COCKRELL

2   ("COCKRELL") was a senior deputy employed by the SBSO, Defendant ROBERT DeBARGE

3   ("DeBARGE") was a deputy employed by SBSO, Defendant SHANE MOORE ("MOORE") was

4   a deputy employed by SBSO, Defendant KENNETH RUSHING ("RUSHING") was a deputy

5   employed by SBSO, and Defendant DUSTIN WINEBRENNER ("WINEBRENNER") was a

6   deputy employed by SBSO.  The senior deputy and the deputies are each sued in their individual

7   capacities.

8          6.       The true names and identities of Defendants DOES 1 through 10, inclusive, are

9   presently unknown to the Plaintiffs.  The Plaintiffs allege that each of these fictitiously-sued

10   Defendants were responsible for and caused the acts and injuries alleged herein.  The Plaintiffs

11   allege that these DOE Defendants were directly involved as law enforcement officers on the

12   scene when the incidents alleged herein took place and participated in the unconstitutional

13   excessive force inflicted upon the decedent which resulted in his fatal shooting and death.

14          7.       The Plaintiffs are informed, believe and thereon allege that at all relevant times the

15   named Defendants and the DOE Defendants were acting under color of law, authority, customs,

16   and usage of the Constitution and laws of the United States, the State of California and SANTA

17   BARBARA.  The Plaintiffs are further informed and believe that at all relevant times each and

18   every Defendant, including DOE Defendants, was the agent, servant, employee, and/or

19   representative of each and every other Defendant and in doing the things herein complained of,

20   was acting within the course and scope of said agency, service, employment, and/or

21   representation, and that each and every Defendant, including DOES, is jointly and severally liable

22   for all injuries and resulting damages incurred by the Plaintiffs.  The Plaintiffs will seek to amend

23   this Complaint when the true names and identities of the fictitiously-sued, DOE Defendants

24   become known to them.

25

26                              **GENERAL ALLEGATIONS**

27          8.       Plaintiffs allege and incorporate herein by reference, each and every allegation

28   contained in paragraphs 1 through 10, inclusive, of this Complaint as if set forth fully herein.

1          9.      BRYAN CARRENO had a history of mental illness.  As a minor, he had been

2   diagnosed as bi-polar by the SANTA BARBARA.  Twice in 2016, deputies of the SBSO were

3   called to the scene by the decedent's former girlfriend and advised of his suicidal actions.  In fact,

4   two deputies who responded to those calls are individual Defendants in this action.  On the

5   evening of February 12, 2017, the Plaintiffs initiated a 911 call to once again seek help for

6   decedent BRYAN CARRENO.  After an inexplicable delay, deputies of SBSO, including

7   Defendants COCKRELL, DeBARGE, MOORE, RUSHING, and WINEBRENNER, after a

8   protracted house-to-house search, eventually confronted the decedent at a residential property,

9   where, calling him by name, they ordered Decedent to exit the house. Although they knew from

10   reports by neighbors and others who Decedent had encountered that he was behaving in a clearly

11   irrational and erratic manner while experiencing another mental health crisis, no effort was made

12   by the aforesaid deputies to use crisis intervention tactics for dealing with a psycho-medical crisis

13   situation, including utilization of a trained crisis negotiator and/or a mental health professional,

14   verbal de-escalation, Taser, police dog, distraction, and/or time.

15         10.     Instead, and absent provocation or reasonable concern for their own or others

16   safety, Defendants COCKRELL, DeBARGE, MOORE, RUSHING, and WINEBRENNER fired

17   a fusillade from their weapons, 20 of which struck decedent BRYAN CARRENO, including

18   some to his back. As a result of the excessive and unreasonable force used against the decedent

19   by officers of the SBSO, he died a short time later.  Before dying, he experienced extreme pain

20   and suffering.  BRYAN CARRENO'S death was the result of the deputies' indifference,

21   negligence and deliberate refusal to utilize non-lethal options that could have avoided the death of

22   a mentally-disturbed individual at the hands of the SBSO.

23         11.     Plaintiffs are informed, believe and thereon allege that deputies used deadly force

24   without following objectively reasonable and proper police procedures.  The Defendants were

25   under no time pressure and used objectively unreasonable and excessive amounts of force, given

26   the absence of an imminent threat to the multiple, heavily armed officers on the scene and the

27   availability of other, less lethal, means to resolve the situation.  Reasonable officers would not

28   have concluded that the decedent, isolated and surrounded alone in a house by a swarm of heavily

1   armed law enforcement officers, posed an imminent threat of serious physical harm to any

2   individual other than perhaps himself.

3          12.      As is always the situation in actions brought against police officers for misconduct

4   and violations of civil rights, Plaintiffs are at an informational disadvantage. The deputies and

5   their the SBSO control virtually all of the information concerning the shooting death of BRYAN

6   CARRENO. Plaintiffs are restricted to only that information available to the general public at this

7   time, except for certain body cam videos provided by Santa Barbara County Counsel.  They fully

8   expect to uncover more facts supporting their causes of action through discovery as the case

9   proceeds to trial. The Defendants seem to be intent on keeping aspects of the incident a secret for

10  as long as possible, including interviews associated with their own investigation.

11

12                          **ADMINISTRATIVE PROCEEDINGS**

13          13.      Pursuant to California Government Code section 910, et seq., the Plaintiffs

14  complied with the prerequisites of the California Tort Claims Act and timely filed claims with

15  SANTA BARBARA.  Each claim was denied, enabling Plaintiffs to maintain the within pendant

16  State claims.

17

18                              **FIRST CAUSE OF ACTION**

19          **(AGAINST DEFENDANTS COCKRELL, DeBARGE, MOORE, RUSHING,**

20      **WINEBRENNER, and DOES 1-10 42 U.S.C. § 1983 – Unlawful Seizure and Use of**

21          **Excessive Force in Violation of the Fourth and Fourteenth Amendments.)**

22          14.      Plaintiffs allege and incorporate herein by reference, each and every allegation

23  contained in paragraphs 1 through 13, inclusive, of this Complaint as if set forth fully herein.

24          15.      At all relevant times herein described, the conduct of all Defendants was subject to

25  42 U.S.C. §1983 and the decedent had the right to be secure in his person and effects against

26  unlawful seizure, including the use of excessive force.  The unconstitutional excessive and

27  unreasonable force used against the decedent deprived him of his right to be secure against

28  unreasonable seizures as guaranteed by the Fourth Amendment to the U.S. Constitution, made

1   applicable to the States by the Fourteenth Amendment.

2       16.     Plaintiffs are informed, believe and thereon allege that at no time prior to the

3   Defendants' beginning to fire upon the decedent were they under imminent threat of serious

4   physical injury, or incapable of neutralizing and/or effectuating the seizure of the decedent using

5   any of a variety of readily available, non-lethal means, or strategies.  The force used by the

6   Defendants was unnecessary, excessive, and unreasonable under the totality of the circumstances.

7       17.     Plaintiff A.C. is the successor-in-interest to Decedent BRYAN CARRENO.

8   California law authorizes this claim.

9       18.     The actions of the Defendants further violated the Fourteenth Amendment liberty

10  interests of the individual Plaintiffs in the familial companionship and society of a member of

11  their family, comfort, companionship, love, affection, solace, and moral support.  The conduct of

12  the Defendants was willful, wanton, malicious, and done with a reckless disregard for, or

13  deliberate indifference to, the rights and safety of BRYAN CARRENO such that it shocks the

14  conscience and therefore warrants an award of exemplary and punitive damages to the Plaintiffs.

15  Accordingly, the Defendants are liable to the Plaintiffs for compensatory, including general and

16  special, damages, as well as punitive damages under 42 U.S.C. §1983.

17

18                          **SECOND CAUSE OF ACTION**

19          **(A.C. AGAINST DEFENDANTS COCKRELL, DeBARGE, MOORE, RUSHING,**

20                  **WINEBRENNER, and DOES 1-10, for Battery.)**

21      19.     Plaintiffs allege and incorporate herein by reference, each and every allegation

22  contained in paragraphs 1 through 18, inclusive, of this Complaint as if set forth fully herein.

23      20.     The Defendants, including COCKRELL, DeBARGE, MOORE, RUSHING, and

24  WINEBRENNER, who were deputies of the SBSO, while acting within the course and scope of

25  their duties, intentionally used excessive and unreasonable force against the decedent.  These

26  Defendants had no legal justification for using excessive and unreasonable force against the

27  decedent while carrying out their official duties.  Further, they failed and refused to utilize

28  available non-lethal means to resolve the incident.

21.     As a direct and proximate result of the conduct of these Defendants, BRYAN CARRENO experienced severe pain and suffering.  The decedent suffered being struck with multiple gunshots that caused extreme shock, pain, emotional distress and suffering.  The multiple bullet wounds resulted in a massive blood loss and eventual death.

22.     In addition to the pain, suffering, and emotional distress intentionally inflicted upon the decedent before he expired, Plaintiff A.C. seeks compensation for her own pain, shock, humiliation, loss of family relationship, financial support, and emotional distress, all caused by Decedent's needless and avoidable death.

23.     Defendants SANTA BARBARA and SBSO are vicariously liable for the wrongful acts of their officers pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

24.     The conduct of the deputies was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of BRYAN CARRENO and the Plaintiff, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

////

### THIRD CAUSE OF ACTION

**(AGAINST DEFENDANTS COCKRELL, DeBARGE, MOORE, RUSHING,**

**WINEBRENNER, and DOES 1-10, for Negligence – Wrongful Death**

**California Civil Code of Procedure §377.60 and §377.61.)**

25.     Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 24, inclusive, of this Complaint as if set forth fully herein.

26.     Each Defendant owed the decedent and the Plaintiffs a duty to use care on or about the date and time of the aforementioned incident. The Defendants negligently and recklessly breached their duty to use due care, which directly and proximately resulted in the injuries and damages to the decedent and the Plaintiffs, in the following ways:

a) The inept tactics and handling of the incident with the decedent;

1    b) The unwarranted use of deadly force against the decedent; and

2    c) The failure to properly train subordinate field officers.

3    27.    The Defendants, either individually, or by and through their respective agents and

4 employees, directly and proximately caused pain, shock, suffering, and the ultimate death of the

5 decedent.

6    28.    As an actual, direct, and proximate result of the Defendants' negligence, BRYAN

7 CARRENO was needlessly and avoidably killed.  The Plaintiffs have further sustained the loss of

8 the comfort, familial relationship, society, attention, friendship, companionship, services, and

9 support of the decedent.

10    29.    The Plaintiffs bring this action pursuant to California Code of Civil Procedure

11 §§377.60 and 377.61 and claim damages from the Defendants for the wrongful death of BRYAN

12 CARRENO and all resulting injuries therefrom.

13    30.    Defendants SANTA BARBARA and SBSO are vicariously liable for the wrongful

14 acts of each individual Defendant pursuant to California Government Code §815.2(a), which

15 provides that a public entity is liable for the injuries caused by its employees within the scope of

16 the employment if the employee's acts would subject him or her to liability.

17    ////

18    **FOURTH CAUSE OF ACTION**

19    **(A.C. AGAINST DEFENDANTS COCKRELL, DeBARGE, MOORE, RUSHING,**

20    **WINEBRENNER, and DOES 1-10, for California Civil Code §52.1 – <u>Bane Act</u> Violation.)**

21    31.    Plaintiffs allege and incorporate herein by reference, each and every allegation

22 contained in paragraphs 1 through 30, inclusive, of this Complaint as if set forth fully herein.

23    32.    Defendants COCKRELL, DeBARGE, MOORE, RUSHING, and

24 WINEBRENNER, and any subsequently identified DOE deputies, while working for Defendants

25 SANTA BARBARA and SBSO, and acting within the course and scope of their employment,

26 interfered with, or attempted to interfere with, the rights of the decedent to be free from

27 unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to

28 be free from state actions that shock the conscience, by threatening or committing acts involving

1   violence, threats, coercion, or intimidation.

2       33.     As a result of the violence, threats, coercion and intimidation by the Defendants,

3   the Plaintiffs and the decedent have endured severe pain and suffering, including death, as

4   detailed herein.  The conduct of these Defendants was a substantial factor in causing the injuries

5   and damages sustained by the Plaintiffs.

6       34.     Defendants SANTA BARBARA and SBSO are vicariously liable for the wrongful

7   acts of the Defendant deputies, including those sued fictitiously, pursuant to §851.2 (a) of the

8   California Government Code, which provides that a public entity is liable for the injuries caused

9   by its employees within the scope of the employment if the employee's act would subject him or

10   her to liability.

11      35.     The conduct of the Defendant deputies was malicious, wanton, oppressive, and

12   accomplished with a conscious disregard for the rights of the decedent and the Plaintiffs, entitling

13   Plaintiffs to an award of exemplary and punitive damages.

14      ////

15                              **SUMMARY OF DAMAGES**

16      36.     Plaintiffs were physically, mentally, emotionally and financially injured and

17   damaged as a proximate result of Mr. Carreno's wrongful death, including, but not limited to, the

18   loss of decedent's familial relationships, comfort, protection, companionship, love, affection,

19   solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the

20   reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61

21      47.     Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P.

22   Sections 377.60 and 377.61 and Probate Code Section 6402(b).

23      48.     Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, plaintiffs are further

24   entitled to recover for damages incurred by decedent before he died as the result of being

25   assaulted and battered, for deprivation without due process of decedent's right to life, and to any

26   penalties or punitive damages to which decedent would have been entitled to recover, had he

27   lived. For Plaintiffs' Federal claims only, these damages include damages also incurred by

28   decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

49.     As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiff A.C. has been deprived of Mr. Carreno's financial support.

50.     The conduct of the individual defendants was malicious, wanton, and oppressive. Plaintiff A.C., as decedent's successor-in-interest, is therefore entitled to an award of punitive damages against said individual defendants.

51.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988, and California Civil Code sections 52 and 52.1.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray that this Court enters judgment after trial by jury in their favor and against Defendants SANTA BARBARA, SBSO, JOSHUA COCKRELL, ROBERT DeBARGE, SHANE MOORE, KENNETH RUSHING, DUSTIN WINEBRENNER, and any subsequently identified fictitiously-sued Defendants in their individual capacities, as follows:

1. For compensatory damages, including general and special damages, under federal and state law, in an amount to be proven at trial;

2. For punitive damages against all Defendants in an amount to be proven at trial sufficient to punish and deter;

3. For reasonable costs and attorneys' fees pursuant to 42 U.S.C. §§1983, 1988 and/or any other applicable statute, regulation, ordinance, or law, whether state or federal, that provides for reasonable costs and/or attorneys' fees;

4. For costs of suit;

5. For pre-judgment interest according to law; and

6. For such other and further relief as may be deemed just and proper by this Court.

//

//

1

2     Dated: August 13, 2018

3

4                                          /s/William L. Schmidt
                                           William L. Schmidt,
5                                          Attorney for Plaintiffs

6

7                      **<u>DEMAND FOR JURY TRIAL</u>**

8          Plaintiffs hereby demand a trial by jury for themselves.

9     Dated: August 13, 2018.

10                                        By: /s/William L. Schmidt
                                             William L. Schmidt
11                                           Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28